**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LAURA NOLAND,

        Plaintiff,

vs.

SOCIAL SECURITY DISABILITY,

        Defendant.

Case No. 2:17-cv-02743-JCM-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (EFC NO. 1-1)

    Before the Court are Plaintiff Laura Noland's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

**I.     Plaintiff May Proceed *In Forma Pauperis***

Plaintiff's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, she receives monthly welfare assistance and has only $13 on hand. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

**II.     Section 1915(e) Screening**

Because the Court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint fails to include several statements critical to showing that Plaintiff is entitled to relief in this action. The complaint appears to be a demand letter written to the Social Security Administration rather than a filing directed towards the Court. (ECF No 1-1). The complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). An individual "may obtain a review of" a "final decision of the Commissioner of Social Security" in "a civil action commenced within sixty days after the mailing…of notice of such decision." 42 U.S.C. § 405(g). However, Plaintiff's complaint fails to state (1) there was a final decision by the Commissioner and (2) this action was brought within the appropriate time. In addition, the complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the complaint does mention that there are "numerous issues with the Law Judge's decision" (ECF No. 1-1 at 2), the complaint fails to state (1) what Plaintiff's alleged disability is, (2) what the Law Judge's ruling was, and (3) how the "numerous issues" Plaintiff cites impacted the Law Judge's ruling. These deficiencies may be cured by allowing the Plaintiff an opportunity to file an amended complaint containing these necessary facts.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until December 8, 2017 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 3rd day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE